```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
NEHEMIAH ROLLE,

                        Plaintiff,
                                                AMENDED
          -against-                             MEMORANDUM & ORDER
                                                15-CV-1745 (JS)(AYS)
JOSEPH GIRARDI,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Nehemiah Rolle, pro se
                    909 3rd Avenue 6096
                    New York, NY 10150

For Defendant:      Eric T. Schneiderman, Esq.
                    Ralph Pernick, Esq.
                    New York State Attorney General
                    200 Old County Road, Suite 240
                    Mineola, NY 11501
```

SEYBERT, District Judge:

        Pending before the Court is Defendant Judge Joseph Girardi's ("Defendant") motion to dismiss the Complaint (Docket Entry 9) and Magistrate Judge Anne Y. Shields' Report and Recommendation ("R&R"), recommending that this Court grant Defendant's motion. (Docket Entry 16.) For the following reasons, the Court ADOPTS Judge Shields' R&R in its entirety.

BACKGROUND

        Pro se Plaintiff Nehemiah Rolle ("Plaintiff") commenced this action pursuant to 42 U.S.C §§ 1983 and 1985, claiming that Defendant, a Nassau County District Court Judge, unlawfully deprived Plaintiff of his rights under the First, Fourth, Fifth,

Sixth, Seventh, Eighth, Ninth, Tenth, Thirteen, and Fourteenth Amendments of the United States Constitution. (See Generally Compl.) Defendant moved to dismiss the Complaint on April 30, 2015, and the Court referred Defendant's motion to Judge Shields for an R&R on whether the motion should be granted. (Docket Entry 14.)

On December 30, 2015, Judge Shields issued her R&R. (Docket Entry 16.) The R&R recommends that the Court grant Defendant's motion and dismiss this case because judges have absolute immunity for acts performed in their judicial capacity, and all of Plaintiff's claims stem from actions Defendant took in his role as a judge. (R&R at 7, 9.)

On February 8, 2016, Plaintiff filed objections to Judge Shields' R&R (Objections, Docket Entry 20.) Specifically, Plaintiff objects to Judge Shields' jurisdiction over this[1] case and argues that Judge Shields misapplied the doctrine of judicial immunity. (See Objections at 1, 7.)

## DISCUSSION

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not

---

[1] The Court need not address Plaintiff's jurisdictional argument because Defendant's motion to dismiss was properly referred to Judge Shields for and R&R on October 13, 2015 pursuant to Federal Rule of Civil Procedure 72(b).

2

facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of receiving the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate judge's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but

3

[were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II. Plaintiff's Objection

Plaintiff principally objects to the R&R on the grounds that Judge Shields applied the doctrine of judicial immunity too broadly. The Court disagrees.

"Section 1983 suits for damages are absolutely barred against judicial actors for actions performed in their official capacities." Hodges v. Mangano, 28 F. App'x 75, 77 (2d Cir. 2002); Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) ("Judges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction.'") (quoting Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 1217, 18 L. Ed. 2d 288 (1967). Judge are absolutely immune for their official acts, because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation and would thus 'lose that independence without which no judiciary can either be respectable or useful.'" Id. (quoting Butz v. Economou, 438 U.S. 478, 509, 98 S. Ct. 2894, 2912, 57 L. Ed. 2d 895 (1978)). Here, Judge Shields correctly outlined in her R&R that the offending actions Defendant took during the trial at issue were all undertaken in his official capacity as a Judge. (See R&R at 2-3.) Plaintiff cannot point to

4

any specific conduct in the Complaint to which the doctrine of judicial immunity would not apply. Therefore, Plaintiff's Objection is OVERRULED and Judge Shields' R&R is adopted in its entirety.

II. Leave to Amend

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir.1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "Nonetheless, courts may deny leave to replead where amendment qualifies as futile." Herbert v. Delta Airlines, No. 12-CV-1250, 2014 WL 4923100, at *5 (E.D.N.Y. Sept. 30, 2014) (citing Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)). Here, since all of Plaintiff's claims relate to the actions that a judge took acting in his official capacity, leave to amend is DENIED as futile.

CONCLUSION

Judge Shields' R&R (Docket Entry 16) is ADOPTED in its entirety and this case is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to mark this case CLOSED.

SO ORDERED.

Dated: March __7__, 2016            /s/ JOANNA SEYBERT_____
      Central Islip, New York           Joanna Seybert, U.S.D.J.